IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:25-cv-00392

NATIONAL GYPSUM SERVICES
COMPANY and GOLD BOND BUILDING
PRODUCTS, LLC,

        Plaintiffs,

  v.

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

        Defendant.

**COMPLAINT**
**(Jury Demand)**

Plaintiffs National Gypsum Services Company and Gold Bond Building Products, LLC, for their Complaint against Defendant The Travelers Indemnity Company of Connecticut, allege the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff National Gypsum Services Company is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

2. Plaintiff Gold Bond Building Products, LLC is a limited liability company organized under the laws of Delaware. Gold Bond Building Products, LLC's sole member is NG Operations, LLC, a limited liability company organized under the laws of Delaware. The sole member of NG Operations, LLC is Building Products Investments, Inc., a Delaware corporation with its principal place of business in Charlotte, North Carolina. (Plaintiffs are hereinafter referred to individually and collectively as "National Gypsum.")

1

3. Based on its pleadings in other Federal Courts, The Travelers Indemnity Company of Connecticut (hereinafter, "Travelers") is a Connecticut corporation with its principal place of business in Connecticut.

4. Travelers issued the subject insurance policy described below in North Carolina, and regularly conducts business in North Carolina.

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to National Gypsum's claim occurred in this District.

## FACTS

7. On or about July 30, 2007, New NGC, Inc. and Rogers-Premier Enterprises, LLC entered into a Master Service Agreement (the "Service Agreement"). (Rogers-Premier Enterprises, LLC and its relevant affiliates, including Premier Warehousing Services, Inc., are hereinafter referred to individually and collectively as "Premier.") The Service Agreement was subsequently assigned to national Gypsum. The Service Agreement is governed by North Carolina law and is incorporated by reference as if fully restated herein.

8. Under the Service Agreement, Premier agreed to perform certain services at National Gypsum facilities, and to maintain specified types and amounts of liability insurance coverages for those services.

9. The Service Agreement included Premier's agreement to defend and indemnify National Gypsum from and against claims for bodily injury caused in whole or in part by Premier's negligence, as well as claims for bodily injury to any employee of Premier who

performed work under the Service Agreement unless caused by National Gypsum's gross negligence.

10. On January 24, 2024, Tarik Chisholm ("Chisholm"), an employee of Premier, filed a Complaint against National Gypsum in the Chatham County, Georgia State Court, Case No. STCV24-00166 (the "Lawsuit"). The Complaint in the Lawsuit is incorporated by reference as if fully restated herein.

11. Chisholm alleged in the Lawsuit that he was injured on May 30, 2023, while working for Premier at a National Gypsum facility in Garden City, Georgia. Chisholm alleged that his injuries were caused, in whole or in part, by the negligence of National Gypsum and certain unnamed or "John Doe" Defendants.

12. Chisholm was unable to include Premier as a defendant in the Lawsuit due to the exclusivity of the workers' compensation remedy under Georgia law. However, Chisholm filed a workers' compensation claim against Premier based in part on Premier's alleged negligence in relation to the accident that caused Chisholm's injuries.

13. At the time of the incident giving rise to the Lawsuit, Premier was insured by General Liability Policy No. P-630-6T932903-TCT-22 issued by Travelers for the period of September 30, 2022 through September 30, 2023 (the "Policy"). The Policy is incorporated by reference as if fully restated herein.

14. The Policy included the Blanket Additional Insured Endorsement, pursuant to which National Gypsum was an Additional Insured under the Policy. As an Additional Insured, National Gypsum was entitled to all coverages and other benefits under the Policy, including Travelers' duty to defend National Gypsum against the Lawsuit.

15. The Service Agreement was an "Insured Contract" as defined in the Policy. Therefore, independent from and in addition to National Gypsum's rights as an Additional Insured, the Policy covered Premier's contractual obligations to National Gypsum set forth in the Service Agreement's indemnity provisions as described more fully in paragraph 9 above.

16. By letter dated March 26, 2024, National Gypsum timely tendered the Lawsuit to Premier. The letter is incorporated by reference as if fully restated herein. Among other things, National Gypsum asked Premier to tender the Lawsuit to its insurer (Travelers). National Gypsum demanded in the March 26, 2024 letter that Premier's insurer defend and indemnify National Gypsum.

17. Premier timely forwarded National Gypsum's March 26, 2024 tender letter to Travelers and demanded that Travelers defend and indemnify National Gypsum in accordance with its rights under the Policy set forth in paragraphs 14 and 15 above.

18. Travelers responded to the tender by letter dated July 8, 2024, sent directly to National Gypsum. The letter is incorporated by reference as if fully restated herein. Having failed to conduct an adequate investigation under applicable law, Travelers unjustifiably denied any duty to defend or indemnify National Gypsum under the Policy. Travelers' unjustified denial of its duty to defend forced National Gypsum to engage defense counsel and proceed with its defense against the Lawsuit at its own expense.

19. Mediation in the Lawsuit was scheduled for April 8, 2025. By letter dated March 3, 2025, National Gypsum's undersigned counsel explained in detail why Travelers was mistaken in its conclusion that it had no duties to National Gypsum under the Policy and invited Travelers to participate in the upcoming mediation. The letter is incorporated by reference as if fully restated herein.

20. Travelers participated in the April 8, 2025 mediation. Although the Lawsuit was not settled at the mediation, a good faith settlement in a reasonable amount exceeding $75,000 was reached shortly thereafter.

21. By letter dated April 14, 2025, National Gypsum informed Travelers of the settlement and requested Travelers to make a good faith offer to contribute toward the amount of the settlement and National Gypsum's defense costs. The letter is incorporated by reference as if fully restated herein. National Gypsum warned Travelers that National Gypsum would seek to recover the full amount of the settlement and defense costs if the parties failed to reach agreement on Travelers' contribution thereto.

22. Travelers thereafter made two offers to contribute toward the settlement amount and National Gypsum's defense costs, although neither constituted a good faith offer.

## CLAIM FOR RELIEF
**(Breach of Contract)**

23. National Gypsum incorporates by reference the allegations set forth in paragraphs 1 through 22 above.

24. At all relevant times, the Policy was a valid and enforceable contract under applicable law.

25. National Gypsum has fulfilled all conditions and obligations to enforce its defense and indemnity rights under the Policy as described more fully in paragraphs 8, 9, 14 and 15 above.

26. Travelers materially breached the Policy by unjustifiably denying its duties to defend and indemnify National Gypsum and other conduct described in paragraphs 18, 19, 21 and 22 above.

27. Because Travelers unjustifiably denied its duty to defend National Gypsum against the Lawsuit, Travelers is estopped from denying its indemnity obligation for the full amount of the settlement.

28. As a direct and proximate result of Travelers' material breaches of the Policy, National Gypsum is entitled to recover from Travelers the full amount of the Lawsuit settlement, all reasonable attorneys' fees and other defense costs incurred by National Gypsum in defending itself against the Lawsuit, all reasonable attorneys' fees incurred by National Gypsum in bringing and maintaining this action, and prejudgment interest on all damages at the statutory annual rate of eight percent. The precise amount of National Gypsum's recoverable damages will be proven at trial.

## **DEMAND FOR JURY TRIAL**

National Gypsum demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, having stated its Complaint against Travelers, National Gypsum respectfully requests that the Court:

    a. Enter judgment against Travelers for breach of contract and award National Gypsum all reasonable attorneys' fees and other defense costs incurred by National Gypsum in defending itself against the Lawsuit, all reasonable attorneys' fees incurred by National Gypsum in bringing and maintaining this action, and prejudgment interest on all damages at the statutory annual rate of eight percent, all in amounts to be proven at trial; and

    b. Award National Gypsum such further relief the Court deems just and equitable.

Respectfully submitted this 10th day of June, 2025.

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723
SDeGeorge@robinsonbradshaw.com

600 S. Tryon St., Suite 2300
Charlotte, North Carolina 28202
Telephone:	704.377.8380
Facsimile:	704.378.4000

*Attorneys for Plaintiffs National Gypsum Services Company and Gold Bond Building Products, LLC*